```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )
         v.                   )    CRIMINAL ACTION 1:05CR276(JCC)
                              )
FRANCISCO SORIANO-JARQUIN,    )
                              )
     Defendant.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Motion to Dismiss for Violation of His Speedy Trial Rights. For the following reasons, the Court will deny Defendant's Motion.

### I.  Background

The Defendant was arrested on the instant charge on May 13, 2005 and was initially arraigned on June 20, 2005 before Judge Ellis. Defense counsel noted that in his version of the indictment the Defendant was properly named in the caption but not the body of the indictment. Judge Ellis requested a copy of the indictment from the court's vault. The copy retrieved from the safe bore the same mistake. At the time, the Government was at a loss for how this could have happened and moved to dismiss the original indictment without prejudice.

Judge Ellis dismissed the original indictment without prejudice on June 23, 2005. The Grand Jury returned a second indictment on the same charge against the Defendant on the same

day.  The only difference between the second indictment and the first was, it seemed, the correction of the Defendant's name in the charging paragraph.

At the July 8, 2005 arraignment on the second indictment, the Defendant waived his right to a trial within 75 days of his initial arraignment and trial was set for August 23 and later moved to August 22.  Defense counsel indicated, however, that he would raise the issue of the Defendant having been indicted more than 30 days after his arrest, in violation of his speedy trial rights.  It is on this ground that the Defendant now moves to have the indictment dismissed.

## II.  Analysis

Title 18, U.S.C. Section 3161(b) provides, in pertinent part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

Title 18, U.S.C. Section 3162(a)(1) provides, in pertinent part:

> If . . . no indictment or information is filed within the time limit required by section 3161(b) . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution

  on the administration of this chapter and on the
  administration of justice.

  The Defendant argues that because the second indictment was returned on June 23, 2005, more than 30 days after the Defendant's May 13, 2005 arrest, dismissal is mandated by Title 18 U.S.C. Section 3162(a)(1).  The Court disagrees.

  Title 18 U.S.C. § 3162(a)(1) applies only to cases where "no indictment or information is filed within the time limit required by section 3161(b)."  18 U.S.C. § 3162(a)(1).  The Fourth Circuit has held that the discretion granted a district court to dismiss an indictment without prejudice "necessarily rebuts [the] argument that the timeliness of a subsequent indictment is to be measured by reference to the original arrest leading to the first, dismissed indictment."  *United States v. Thomas*, 705 F.2d 709, 710-11 (4th Cir. 1983).  Here, Judge Ellis dismissed the first indictment without prejudice.

  The fact that the second indictment was returned on June 23, 2005, 41 days after the Defendant's arrest, does not require dismissal.  The Court heard testimony from Ms. Tate of the Clerk's Office on the procedures involved in the placement of an indictment in the court's vault and finds Ms. Tate's testimony to be credible.  The Court finds that despite the confusion regarding the indictment during the Defendant's first arraignment, the original indictment that was presented to the

Grand Jury and timely filed with the Court was identical to the second indictment.

In *United States v. Ables*, 1986 WL 17615 (4th Cir. Sept. 15, 1986)(unpublished), the Fourth Circuit, albeit in an unpublished opinion, addressed a situation where a second indictment was filed more than 30 days after the defendant's arrest and contained the same charges included in the first indictment.  In *Ables*, the court agreed with the Ninth Circuit's determination in *United States v. McCown*, 711 F.2d 1441 (9th Cir. 1983), that Congress intended the Speedy Trial Act's 30 day requirement to insure that defendants receive prompt notice of the charges against them and facilitate the gathering of evidence and the preparation of a defense.  *Ables*, 1986 WL 17615 at *2. Here, the charge in the second indictment was identical to that in the first.  Even if the name in the charging paragraph of the second indictment was different from that in the first indictment, the Defendant did not suffer from any delay in notice whatsoever.  The charge remained the same and the Defendant was not delayed in his ability to prepare a defense.

### III.  Conclusion

For the foregoing reasons, the Court will deny

Defendant's Motion to Dismiss for Violation of his Speedy Trial Rights.  An appropriate Order will issue.


August _____, 2005                        /s/
Alexandria, Virginia           James C. Cacheris
                               UNITED STATES DISTRICT COURT JUDGE